IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES EDWARD WHITE, #209 419, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-842-WHA |
| | ) | [WO] |
| CAPT. BRENDA KING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is an inmate in the custody of the Alabama Department of Corrections.  He files this *pro se* 42 U.S.C. § 1983 action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States are being abridged by the named defendants. Plaintiff names as defendants former Governor Robert Bentley, Commissioner Jefferson Dunn, and Captain Brenda King. Plaintiff seeks damages for the alleged violations of his constitutional rights. Docs. 1, 11. Upon review, the court concludes that dismissal of Plaintiff's claims against Defendant Bentley prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### I.  DISCUSSION

This action is before the court on Plaintiff's complaint and amendment to the complaint. Plaintiff complains that his constitutional rights were violated at the Draper Correctional Facility when Defendant King re-initiated a disciplinary against him regarding an infraction previously

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

thrown out. Defendant King's actions, Plaintiff claims, led to "contract hits" on his head which caused him to be "jumped on" and sent to lock up. Docs. 1, 11.

As noted, Plaintiff names as one of the defendants former Governor Bentley. A review of the complaint and amendment reflects no allegations that Defendant Bentley is or was personally engaged in the alleged unconstitutional conduct about which he complains. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). This Circuit has held that a court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that associate the defendants with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*). Here, Plaintiff has identified no affirmative action taken by Defendant Bentley, and thus, he asserts no connection between the conduct complained of and the actions of this defendant regarding the alleged unconstitutional deprivations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007)) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

To the extent that the basis for Plaintiff's claim against Defendant Bentley is that he is responsible for the conduct of his subordinates, supervisory personnel can be held liable under §

1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation.") Because Plaintiff fails to allege that Defendant Bentley was personally involved in the constitutional violations about which he complains, or that a causal connection exists between his actions and the alleged constitutional violations, the complaint and amendment against this defendant is subject to dismissal on this basis as well. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint and amendment against Defendant Bentley be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Defendant Bentley be DISMISSED as a party to this action; and

3. This action be referred to the undersigned for further proceedings against the remaining defendants.

It is further

ORDERED that **on or before March 20, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous,

conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 6th day of March, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge